UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JERMAINE OMAR CAMPBELL,

        Plaintiff,

v.

DAVID SHAVER et al.,

        Defendants.

_____/

Case No. 1:18-cv-1363

Honorable Paul L. Maloney

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Taylor and Moore.

**Discussion**

    I.    Factual Allegations

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County,

Michigan. The events about which he complains, however, occurred at the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan. Plaintiff sues Assistant Deputy Warden David Shaver, Assistant Resident Unit Supervisor Larry L. Wenglikowski, Resident Unit Manager C. Traylor, and Sergeant Unknown Moore.

In his amended complaint (ECF No. 5-1), Plaintiff alleges that he was sexually assaulted by another prisoner and sought protection on May 30, 2018. Plaintiff initially spoke to a second shift officer, who took Plaintiff to see Lieutenant McDonald. After interviewing Plaintiff, Lieutenant McDonald explained that Plaintiff would have a security classification interview and would have the opportunity to further detail the sexual abuse.

On June 5, 2018, Plaintiff was interviewed by Defendants Shaver and Wenglikowski, who instructed Plaintiff to provide additional information about the assault. Plaintiff complied. At the conclusion of the interview, Defendants Shaver and Wenglikowski informed Plaintiff that the prisoner who had abused him was a known gang member. However, Defendants Shaver and Wenglikowski stated that Plaintiff's complaint did not warrant protection and that he would be released into the general population. However, Plaintiff was not immediately released to the general population.

On June 8, 2018, Plaintiff was interviewed a second time by Defendants Shaver and Wenglikowski, who wished Plaintiff good luck and told him to be safe. Plaintiff was then released into the general population. On the same day, after returning to the general population housing unit where he had previously been assaulted, Plaintiff was again assaulted by the same prisoner. On June 12, 2018, Plaintiff filed two grievances. The first addressed Plaintiff's assault by prisoner David #429460 and the manner in which David's gang associates helped facilitate the

assault. The second grievance addressed the manner in which Plaintiff was released back into the general population.

On June 19, 2018, Plaintiff was interviewed by the Security Classification Committee (SCC) concerning Plaintiff's June 8, 2018, request for protection. On June 21, 2018, Defendant Traylor denied both of the June 12, 2018, grievances, stating:

> [Plaintiff] admitted that he never told [Defendant] Wenglikowski or any staff member that he was being sexually harassed or made to perform sexual acts. [Plaintiff] stated "I was too embarrassed to tell staff as I didn't want them to laugh or peg me as a homosexual." I specifically asked [Plaintiff] why didn't he tell the Deputy about the incident that took place while he was being seen by SCC and again he stated, "I didn't say anything because I was embarrassed." It was explained to [Plaintiff] that if he would have expressed any concern about being sexually harassed or assaulted that he would have been placed in a different unit or protective custody immediately until an investigation was conducted. I believe this grievance was written to discredit staff and try to show neglect on their behalf, there is no merit to [Plaintiff]'s allegation and this grievance is denied/resolved.

ECF No. 1-1, PageID.10.

Plaintiff states that Defendant Traylor lied in the grievance response. Plaintiff filed an appeal in which he denies telling Defendant Traylor that he had initially refused to tell staff about the sexual harassment because he was embarrassed. Plaintiff's step II appeal asserts that the grievance response was an attempt to discredit Plaintiff (ECF No. 1-1, PageID.11). Warden Burton denied Plaintiff's step II appeal, stating:

> In your Step I grievance you claim that on 6/5/18 you were asked why prisoner David 429460 hit you, and you told SCC that you were being sexually harassed that day. You claim that David wanted you to perform oral sex during 1600 count. The Acting [Defendant] Wenglikowski cut you short by interrupting you saying, "all I'm doing is trying to get you moved out of the unit."
>
> [Defendant] Traylor answered your Step I grievance. He stated that you admitted to never telling [Defendant] Wenglikowski or any staff member that you were being sexually harassed or made to perform sexual acts. [Defendant] Traylor also states that you said, "I was too embarrassed to tell staff as I didn't want them to laugh or peg [me] as a homosexual." [Defendant] Traylor explained to you that if you would have expressed any concern about being sexually harassed or assaulted you would

3

> have been placed into a different unit or protective custody until an investigation was conducted.
>
> After talking with A/Deputy Warden Shaver and A.R.U.S. Wenglikowski, they stated to me that you did provide additional information after the meeting with SCC on 6/5/2018. You were seen again on 6/8/2018 by SCC. Your protection request was denied as the information provided by you did not warrant the protection request. A/Deputy Warden Shaver and A.R.U.S. Wenglikowski also stated to me that at no time during the SCC interview on 6/5/18 and 6/8/18 did you mention anything to them about being sexually assaulted by another inmate. It was not until you were assaulted in B-Unit, upon your release from segregation, that you mentioned the sexual assault allegations with SCC members Inspector Blackman and Prison Counselor Daugherty. A P.R.E.A. investigation has since been started regarding your claims of sexual assault.
>
> Your appeal has been reviewed by my office and is denied. I am confident a thorough investigation was done concerning your issue. You add no new information within your appeal that would make me reconsider the grievance response given you.

ECF No. 1-1, PageID.12.

In his step I grievance response supplemental form, which was responded to on August 3, 2018, Plaintiff states that he told Defendant Traylor that "prisoner Harvel told Trinity Employee Peabody that [Plaintiff] was being raped." (*Id.,* at PageID.23.) Plaintiff claims that Peabody was making jokes, so Plaintiff went to the officer on duty in the chow hall to request protection. Plaintiff was referred to Lieutenant McDonald to write a statement. (*Id.*) In the investigation summary section, the respondent states that Defendant Traylor interviewed Plaintiff and asked him who he had told about the sexual assault. Plaintiff replied that he had told "no one," but that Peabody knew because he heard other prisoners talking about it. Defendant Traylor asked Plaintiff if he told Peabody that he had been sexually assaulted, and Plaintiff said, "no." (*Id.*) In the decision summary section, the respondent states that on June 19, 2018, Plaintiff told the SCC that he had tried to report the sexual assault on June 8, 2018, but that he was abruptly cut off by Defendant Wenglikowski, who stated that Plaintiff just did not want to go back to the general

population. The respondent again noted that Defendant Traylor stated that Plaintiff admitted that he had not told anyone about the sexual abuse because he was embarrassed. (*Id.*)

Plaintiff claims that Defendants violated his Eighth Amendment right to be protected from sexual assault. Plaintiff seeks compensatory and punitive damages, as well as declaratory and equitable relief.

II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

5

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Traylor, other than his claim that Defendant Traylor falsified a response to Plaintiff's grievances about other officials. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff

has failed to allege that Defendant Traylor engaged in any active unconstitutional behavior. The Sixth Circuit has held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir.2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir.2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb.7, 2000). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf,* No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar.28, 1994). Nor is an adverse response to a grievance sufficient to constitute an adverse action and Plaintiff fails to state a claim for retaliation. *Stanley v. Ollis*, No. 2:08-CV-288, 2009 WL 1107679, at *11 (W.D. Mich. Apr. 23, 2009). Because falsifying a grievance response does not violate the constitution, Plaintiff fails to state a claim against Defendant Traylor.

In addition, Plaintiff fails to allege any specific facts regarding Defendant Moore in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as

the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even mention Defendant Moore in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff claims that Defendants Shaver and Wenglikowski failed to protect him from the second assault when they returned him to the general population despite knowing that Plaintiff's assailant was a gang member and was likely to assault Plaintiff again. Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, Plaintiff must show that Defendants were deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cty. of Medina*, 29 F.3d 238, 242-43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.") Plaintiff alleges sufficient facts to support his claim that Defendants

Shaver and Wenglikowski were aware of an ongoing danger of assault when they ordered Plaintiff to return to the general population despite Plaintiff's request for protection. Plaintiff's Eighth Amendment claims against Defendants Shaver and Wenglikowski are not clearly frivolous and may not be dismissed on initial review.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's claims against Defendants Traylor and Moore will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claims against Defendants Traylor and Wenglikowski remain in the case.

An order consistent with this opinion will be entered.


Dated:  March 1, 2019                                    /s/ Paul L. Maloney
                                                                                       Paul L. Maloney
                                                                                       United States District Judge